City Firefighters' Association of Philadelphia, Local 22 et al., Appellants *v.* The City of Philadelphia et al., Appellees.

284

Submitted on briefs November 19, 1981, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Howard J. Casper, Casper and Beavers,* for appellants.

*Robert J. Simmons,* Deputy City Solicitor, with him *Kenneth M. Jarin,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for appellees.

Opinion by President Judge Crumlish, Jr., March 12, 1982:

The City Firefighters' Association of Philadelphia[1] appeals a Phliadelphia Common Pleas Court decision which sustained the preliminary objections of the City of Philadelphia and its officers.[2] We affirm.

In March of 1980 the City laid off 256 members of the Philadelphia Fire Department due to an impending fiscal crisis. The Firefighters assert, based on certain provisions of the Philadelphia Home Rule Charter, that these layoffs are illegal and were not made in good faith.

The Home Rule Charter provides in pertinent part:

Section 4-100  Chief Executive Officer.

The Mayor shall be the chief executive officer of the City. He shall be responsible for the conduct of the executive and administrative work of the City and for law enforcement within its boundaries.

Section 4-101  Finances.

The Mayor shall:

. . . .

(e) See to it that the City does not, except in case of unforeseeable emergency, incur a deficit in any fiscal year.[3]

---

[1] Appellants are the City Firefighters' Association of Philadelphia, Local 22, Daniel Harrigan, Harry Schmidt, Timothy Tygh, John Cashman, Conrad Jackson, James Lonergan, Jon V. Theisen, on behalf of 2,891 Philadelphia Firefighters, and Senator Vincent J. Fumo, on his behalf and the behalf of the taxpayers of the City of Philadelphia.

[2] The appellees in this case are the City of Philadelphia, the Honorable William J. Green, Mayor, W. Wilson Goode, Managing Director and Joseph R. Rizzo, Fire Commissioner of the City of Philadelphia.

[3] 351 Pa. Code §§4.4-100, 4.4-101.

Under the above provisions of the Home Rule Charter, the Mayor may not incur a fiscal deficit unless such deficit is in response to an unforeseeable emergency. However, the Firefighters contend that Section 5-400[4] of the Home Rule Charter limits the Mayor's ability to use layoffs of firemen as a means to avert such a deficit.

Section 5-400 Functions.

The Fire Department shall have the power and its duty shall be to perform the following functions:

. . . .

(d) Maintenance of firemen. The Department shall train, equip, maintain, supervise and discipline *an adequate number of firemen.* (Emphasis added.)

The Firefighters asserted that the layoffs leave the City without an "adequate number of firemen" in violation of the Home Rule Charter and requested the lower court to order the City and the Mayor (1) "to set minimum manning levels for the Fire Department," (2) to meet these levels, and (3) to enjoin the City from violating their "duty to make the City a better place for its inhabitants and provide for their economic and social well being." The lower court declined to do so. In sustaining the City appellees' preliminary objections, which asserted that the Firefighters had failed to state a cause of action, the lower court held:

[T]he issue the Court is asked to resolve is beyond the scope of judicial review. . . . To permit the courts to review discretionary administrative acts, as in the present case would be to constitute the courts as supergovernments of cities, a result which would be undesirable,

---

[4] 351 Pa. Code §5.5-400.

unworkable and contrary to the basic separation of powers principle of our democratic form of government.

We agree.

The number of firemen needed by a municipality is an administrative decision, that absent bad faith, the courts will not review. *Local 736, the Williamsport Firefighters, et al. v. City of Williamsport,* 470 F. Supp. 344 (M.D. Pa. 1979), *aff'd* 601 F.2d 575 (3rd Cir. 1979), *cert. denied,* 444 U.S. 932 (1980). "[A]bsent a statute or something such as an arbitration award to the contrary, it is up to the city council to determine the number of police to employ. . . . Hence, as stated, for reasons of economy . . . firemen are dischargeable 'at will' under Pennsylvania law." 470 F. Supp. at 349. It is clear from this decision that, unless bad faith is involved or a statute or arbitration award defines what is an adequate number of firemen, a layoff is within the discretion of the responsible administrative body. Contrary to the Firefighters' assertions, we cannot find that the provisions of the Home Rule Charter operate in any way to alter this discretionary function.

When reviewing the validity of preliminary objections, certain basic principles are involved: (1) only facts that are well pleaded, material and relevant will be considered as true, and only such reasonable inferences as may be drawn from these facts will be admitted; (2) conclusions of law, argumentative allegations, expressions of opinion and unreasonable inferences will not be admitted; and (3) the preliminary objections will only be sustained if they are clear and free from doubt. *Hyam v. Upper Montgomery Joint Authority,* 399 Pa. 446, 449, 160 A.2d 539, 541 (1960).

Additionally, there is a presumption that municipal officers act for the public good. "[A]bsent any

allegations of fact which would indicate that these municipal officials have acted or are acting either in abuse of their power or in a capricious or arbitrary manner, judicial intervention cannot be justified. To label the actions of these officials as capricious or arbitrary *does not make them so.*" *Id.* at 457, 160 A.2d at 545. (Emphasis added.)

There are no facts in the Firefighters' pleadings which, even if considered to be true, would support their request for judicial interference with the administrative prerogative of the City of Philadelphia. There are allegations of bad faith, illegality and arbitrary and capricious action on the part of the City appellees. However, the pleadings contain no facts to support these allegations. We thus affirm the lower court's dismissal of the Firefighters' complaint based on a failure to state a cause of action.

Affirmed.

ORDER

The order of the Philadelphia County Common Pleas Court, No. 2017, April Term 1980, sustaining appellees' preliminary objections, is affirmed.

Judge PALLADINO did not participate in the decision in this case.